**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Dykstra,<br><br>                              Plaintiff,<br>vs.<br>Aetna Life Insurance Company; BAC Group Long-Term Disability Insurance Plan,<br><br>                              Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Nathaniel Dykstra ("Dykstra") alleges as follows:

**JURISDICTION AND VENUE**

1.      Dykstra is a resident of Maricopa County, Arizona.

2.      Defendant Aetna Life Insurance Company ("Aetna") is an insurance company incorporated in Pennsylvania, with its principal place of business in Hartford, Connecticut. Aetna is authorized to do business in Maricopa County, Arizona.

3.      Defendant BAC Long-Term Disability Insurance Plan ("Plan") is a purported ERISA benefit plan established and maintained by Bank of America Corporation ("BAC") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). BAC is the Plan Administrator.

4.      BAC is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Aetna have caused events to occur in Arizona out of which Dykstra's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. The Plan's LTD benefits are paid for and administered by Aetna.

9. Aetna is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## **GENERAL ALLEGATIONS**

10. BAC provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Dykstra is entitled to benefits for the first 18 months when Aetna determines that due to solely to disease or injury he is unable to perform the material duties of his own occupation and his work earnings are 80% or less of his adjusted predisability earnings.

12. After the first 18 months of disability, Dykstra is considered disabled if he is unable to work in any reasonable occupation solely because of a disease or injury. The Plan defines reasonable occupation as any gainful activity for which Dykstra is; or may reasonably become; fitted by education, training or experience and which results in, or can be expected to result in, an income of more than 60% of his adjusted predisability earnings.

13. Aetna denied Dykstra's claim for LTD benefits on February 6, 2015 stating that his conditions of Rheumatoid Arthritis, bilateral knee pain and back problems were pre-existing conditions due to the fact that he was diagnosed with and treated for these

conditions between March 1 and May 31, 2014 and that date of effective LTD coverage was June 1, 2014.

14. The Plan's pre-existing condition provision precludes payment of LTD benefits for any disability that is caused by or contributed to by a pre-existing condition and that starts before the end of the first 12 months following the effective date of coverage. A diseases or injury is a pre-existing condition if, during the three months before the effective date of coverage: it was diagnosed or treated; services were received for the diagnosis or treatment of the disease or injury; and drugs or medicines were prescribed or recommended by a physician for that condition.

15. Dykstra submitted his LTD claim documentation listing Irritable Bowel Syndrome ("IBS") as his diagnosis and the basis for his disability. Dykstra did not include Rheumatoid Arthritis, bilateral knee pain or back pain as medical conditions causing his disability.

16. Dykstra's treating physician, Dr. Phan, completed an Attending Physician Statement as well as a Capabilities and Limitations Worksheet stating that Dykstra was unable to work due to IBS. Dr. Phan did not reference any of the diagnoses listed by Aetna as pre-existing conditions.

17. At all relevant times, Dykstra was a BAC employee, became a covered individual under the Plan, and remained continuously employed until his disability rendered him unable to work in his regular occupation as an Investment Specialist I on July 21, 2014.

18. The material and substantial duties of Dykstra's occupation that he was unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to work without incurring numerous days off in any given month due to IBS flare-ups;
- Ability to work without making frequent trips to the bathroom due to abdominal pain and cramping;

- Ability to focus and concentrate on complex tasks due to pain.

19. Dykstra was diagnosed with Irritable Bowel Syndrome that was severe in nature and causes him excruciating abdominal pain.

20. Dykstra became disabled on July 21, 2014 and remains disabled from his own occupation and from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

21. Aetna initially denied Dykstra's claim on February 6, 2015. Dykstra submitted additional records and statements from his primary physicians and specialists.

22. Dykstra is entitled to 60% of his Predisability Earnings from January 16, 2014 through the present.

23. Dykstra's is entitled to a monthly LTD disability benefit in the amount of $2,268.24 from January 16, 2015 to the present.

24. Dykstra provided proof of his debilitating medical conditions. In addition, Dykstra provided Aetna with completed attending physician statements and extensive medical records that support his disability.

25. Dykstra submitted his appeal on August 4, 2015.

26. Aetna never issued a final denial.

27. Dykstra has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

28. Dykstra incorporates and realleges all previous allegations.

29. The Plan contains some language purporting to grant BAC discretion and to give BAC the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Dykstra is entitled to de novo review.

30. Dykstra became disabled on July 21, 2014 and remains unable to perform the duties of any other occupation for which he is qualified based on education, training or experience.

31. Despite the coverage of Dykstra's long-term disability, Aetna terminated LTD benefits after paying Dykstra LTD benefits for over a year. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

32. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Dykstra is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

33. Pursuant to 29 U.S.C. § 1132(g), Dykstra is entitled to recover his attorneys' fees and costs incurred herein from BAC and the Plan.

34. Dykstra is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Dykstra prays for entry of judgment against Defendants as follows:

A. For all past benefits due Dykstra under the terms of the Plan;

B. For an award of Dykstra's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 4th day of August 2017.

                        SCHIFFMAN LAW OFFICE, P.C.

                        By: /s/ Lisa J. Counters
                              Lisa J. Counters