**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Dykstra,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Aetna Life Insurance Company, et al.,<br><br>　　　　Defendants. | No. CV-17-02620-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the parties' joint motion to seal the administrative record. The motion will be denied for two reasons. First, it applies the wrong legal standard. Second, it factually fails to meet the standard regardless.

**Legal Standard**

In the Ninth Circuit,

> "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.,* 435 U.S. 589, 597 (1978). Following the Supreme Court's lead, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir.2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (*Amodeo II* ), 71 F.3d 1044, 1048 (2d Cir.1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.,* 798 F.2d 1289, 1294 (9th Cir.1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").
> 
> Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana,* 447 F.3d at 1178. Under this

stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz,* 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon,* 435 U.S. at 599. Examples include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Id.* at 598–99.

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).

> When deciding what test to apply to a motion to unseal a particular court filing—the presumptive "compelling reasons" standard or the "good cause" exception—we have sometimes deployed the terms "dispositive" and "non-dispositive." …
> Although the apparent simplicity of [this] approach is appealing, we do not read our case law to support such a limited reading of public access. [footnote omitted] Most litigation in a case is not literally "dispositive," but nevertheless involves important issues and information to which our case law demands the public should have access….
> …[P]ublic access will turn on whether the motion is more than tangentially related to the merits of a case. While many technically nondispositive motions will fail this test, some will pass. Our reading of the public access cases is consistent with our own case law, and more importantly, comports with the old tradition of ensuring public access which "antedates the Constitution and ... is now beyond dispute." *Leucadia,* 998 F.2d at 161 (internal quotation marks and citation omitted).

*Id.* at 1097—1101.

In this case, because the administrative record will be the primary, if not the only, document on which the briefing on appeal will be based, it is clearly more than tangentially related to the case. Thus, to seal the administrative record, the parties must meet the compelling reasons test.[1]

**Analysis**

In this case, the parties jointly argue that "…[T]he Administrative Record

---

[1] In addition to arguing "good cause" to seal, in their joint motion the parties also state that Defendant filing the administrative record in the public record "may" violate HIPPA. (Doc. 25-1 at 4). First, such hypothetical speculation about what the law "may" require is neither good cause, nor a compelling reason. Second, the Court notes this is a joint motion. However, Plaintiff has not cited any cases showing Plaintiff did not waive any HIPPA protections in exchange for being able to pursue his case in a public court.

- 2 -

containing Plaintiff's medical records is being lodged [under seal] with the Court on a joint motion because the need to protect Plaintiff's confidential health information outweighs any public interest in disclosure of sensitive personal and medical information." (Doc. 25-1 at 3). The parties make no argument as to why this would be true; they merely argue a conclusion.

Some courts that have considered the issue of sealing records in ERISA cases have concluded that the presumption of public access to court records outweighs Plaintiff's privacy concerns. For example,

> This Court does not believe there is good cause for sealing the administrative record in this case. First, to the extent that the Court has relied on portions of it in making its decision, the public's entitlement to view court documents upon which a court's decision rests ordinarily outweighs any privacy interest in such records. *See, e.g., Ross v. Abercrombie & Fitch Co.,* 2009 WL 3855497, *2 (S.D. Ohio November 16, 2009), *citing United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995). Second, many types of cases involve the public disclosure of medical conditions and medical records. That is typical in personal injury litigation, employment litigation, and for certain types of administrative reviews such as cases originating with the Social Security Administration or the Benefits Review Board. The plaintiff who seeks such redress ordinarily understands that in order to do so, he or she may be waiving the right to keep his or her medical history out of the public domain, and Ms. White's opposing memorandum acknowledges that she appreciates this eventuality. Certainly, there may be some cases where either the filing or redaction of medical records, or allowing the plaintiff to proceed under a pseudonym, is appropriate because of the peculiarly sensitive or stigmatizing nature of the underlying medical condition. *See, e.g. Doe v. Salvation Army,* 531 F.3d 355, 356 (6th Cir. 2008) (plaintiff allowed to proceed under a pseudonym because he suffered from paranoid schizophrenia). This case does not appear to fall into that category. Finally, because several of Ms. White's claims implicate the administrative record as a whole (such as her assertions that its contents or organization violated Unum's fiduciary duties), it can fairly be said that the Court has relied on the entire record in making this decision. For all of these reasons, Unum's motion for leave to file the administrative record under seal [] will be denied, and Unum will be required to provide the Court with an appropriately-redacted version of the record for public filing within fourteen days of the date of this order.

*White v. Worthington Indus., Inc. Long Term Disability Income Plan*, 266 F.R.D. 178, 196 (S.D. Ohio 2010). Additionally,

> … [T]he Parties have not shown that all of Plaintiff's medical records merit sealing, in light of substantial authority recognizing that "'[c]ases

> challenging a denial of ERISA health benefits routinely involve disclosure of mental and physical illnesses,'" *Stanford v. Continental Cas. Co.,* 455 F.Supp.2d 438, 446 (E.D.N.C. 2006) (quoting *MacInnis v. Cigna Grp. Ins. Co. of Am.,* 379 F.Supp.2d 89, 90 (D. Mass. 2005)) (concluding plaintiff did "not overcome the constitutional preference for openness in judicial proceedings" with respect to motion to seal administrative record (internal quotation marks omitted)).

*Lohr v. UnitedHealth Grp. Inc.*, No. 1:12CV718, 2013 WL 4500692, at *4 (M.D.N.C. Aug. 21, 2013). Further, "… [A] generic appeal to privacy does not justify sealing the entire administrative record." *Boettcher v. Metro. Life Ins. Co.*, No. 08-C-439, 2009 WL 484231, at *1 (E.D. Wis. Feb. 25, 2009).

Conversely, some district courts have concluded that the fact that the record contains Plaintiff's confidential medical information is a compelling reason to file the administrative record under seal. *See Gary v. Unum Life Ins. Co. of Am.*, No. 3:17-CV-01414-HZ, 2018 WL 1811470, at *3 (D. Or. Apr. 17, 2018) (collecting cases). Other district courts seem to grant such joint requests with little analysis. *See Sullivan v. Prudential Ins. Co. of Am.,* No. 2:12-CV-01173-GEB, 2012 WL 3763904, at *1 (E.D. Cal. Aug. 29, 2012); *B.D. v. Blue Cross Blue Shield of Georgia*, No. 1:16-CV-00099-DN, 2018 WL 671213, at *14 (D. Utah Jan. 31, 2018); *Mattingly v. Humana Health Plan, Inc.*, No. 1:15-CV-781, 2016 WL 9344095, at *3 (S.D. Ohio May 3, 2016).[2]

Turning to this case, as noted above, the parties seek to seal every page of the administrative record relates to Plaintiff's medical information.[3] As the *White* court noted, many types of cases require the disclosure of medical information. If the mere fact that medical information is in the record is a basis to seal, the vast majority of this Court's cases would need to be sealed. However, like the *White* court, this Court finds that the mere fact that medical information is in the record is not, standing alone, a

---

[2] The fact that these courts gave little analysis to this issue is not surprising. In this case, and in many cases over which this Court has presided, the parties seemingly would be perfectly happy to litigate the entire case under seal. As is true in this case, virtually all motions to seal that this Court has ruled on have been stipulated to or jointly requested. As a result, the issue of making the record public, for a public that rarely seeks to review it, largely escapes the adversarial process.

[3] The parties do not seek to seal the portion of the administrative record that contains the ERISA plan documents.

compelling reason to seal. The fact that the record contains medical information is the only factual basis for sealing advanced by the parties; thus, they have failed to show compelling reasons to seal.

Additionally, the parties appear to argue that, procedurally, redacting the information permitted to be redacted by Federal Rule of Civil Procedure 5.2 would be a difficult undertaking. Presumably recognizing this, the Rules to not require that administrative records be redacted. Fed. R. Civ. P. 5.2(b)(2). When this Court previously mentioned redaction (Doc. 23) it was merely as an alternative to sealing, not as a requirement. Finally, this Court holds that the cumbersomeness of this task is not a basis to not undertake it.[4]

**Conclusion**

Based on the foregoing, and the Court having concluded that the parties have failed to show compelling reasons for filing under seal,

**IT IS ORDERED** that the joint motion to seal (Doc. 25) is denied. The Clerk of the Court shall leave the administrative record (currently lodged at Doc. 26) lodged and under seal. Within 30 days, either party may file a notice of appeal.[5] If neither party

---

[4] *See Lohr,* 2013 WL 4500692, at *2 (holding, "[T]he Parties argue, in conclusory fashion, that the burden of redacting the Administrative Record warrants sealing [citation omitted]; such concerns, however, provide an insufficient basis to overcome the First Amendment right of access, *see Nash v. Life Ins. Co. of N. Am.,* No. 08cv893 WQH9(RBB), 2010 WL 2044935, at *1 (S.D. Cal. May 18, 2010) (unpublished) ('The parties' motion is solely based on the difficulty of redacting 4,500 pages of documents, a task which they contend is 'impracticable.' The work of redacting these documents is not a 'compelling reason' to override the public's right of access to court records. While it may be burdensome for the parties to comply with Federal Rule of Civil Procedure 5.2, the Court finds that any burden to the parties does not overcome the strong presumption in favor of access to court records'…."); *but see Gary v. Unum Life Ins. Co. of Am.*, No. 3:17-CV-01414-HZ, 2018 WL 1811470, at *4 (D. Or. Apr. 17, 2018) ("It is not a useful expenditure of counsel's time to separate and redact the approximately 1,800 pages of the administrative record that contains medical and sensitive personal information"); *Sullivan v. Prudential Ins. Co. of Am.*, No. 2:12-CV-01173-GEB, 2012 WL 3763904, at *1 (E.D. Cal. Aug. 29, 2012) ("The parties' joint representations that the Administrative Record 'is replete' with personal, identifying information in violation of Rule 5.2(a), and that redacting such information would be too burdensome, is considered sufficient to justify granting the parties' request under the good cause standard at this stage of the proceeding….").

[5] *See Ctr. for Auto Safety*, 809 F.3d at 1096 ("We have jurisdiction because an order denying a motion to unseal or seal documents is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order.").

appeals within 30 days, this Court will issue an Order filing and unsealing the administrative record. Regardless of whether either party appeals, all deadlines in this case are confirmed.

Dated this 20th day of August, 2018.

James A. Teilborg
Senior United States District Judge